**KNIGHT LAW GROUP, LLP**
Roger Kirnos (SBN 283163)
kirnosrk@knightlaw.com
Maite Colon (SBN 322284)
maitec@knightlaw.com
Daniel Kalinowski (SBN 305087)
danielk@knightlaw.com
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067
Telephone: (310) 552-2250
Fax: (310) 552-7973

Attorneys for Plaintiffs,
JOVITA SANDOVAL CERVANTES aka
JOVITA SANDOVAL and
ALICIA PEREZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOVITA SANDOVAL CERVANTES aka JOVITA SANDOVAL and ALICIA PEREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>HYUNDAI MOTOR AMERICA, a California Corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.: 2:22-cv-05923<br><br>Hon.:<br>Dept.:<br><br>**COMPLAINT**<br><br>1. **MAGNUSON-MOSS ACT**<br>2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**<br>3. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**<br>4. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs JOVITA SANDOVAL CERVANTES aka JOVITA SANDOVAL and ALICIA PEREZ ("Plaintiffs") allege as follows against Defendant, HYUNDAI MOTOR AMERICA, a California Corporation, ("HYUNDAI"), and DOES 1 through 10 inclusive, on information and belief, formed after an inquiry reasonable under the circumstances:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because this action alleges claims under the Magnuson-Moss Warranty Act (referred to as "Mag-Moss"), 15 U.S.C. § 2301 et seq. Plaintiffs are a natural people with a claim that exceeds the amount in controversy of $50,000, pursuant to 15 U.S.C §2310(d)(3)(B).

## DEMAND FOR JURY TRIAL

2. Plaintiffs hereby demand trial by jury in this action.

## GENERAL ALLEGATIONS

3. Plaintiffs are individuals residing in the City of Los Angeles, County of Los Angeles, and State of California.

4. Defendant HYUNDAI is and was a California Corporation registered to do business in the State of California with its registered office in the City of Sacramento, County of Sacramento, and State of California.

5. Venue is proper under 28 U.S.C. § 1391(b)(1)-(3) in the Central District of California in that Defendant HYUNDAI resides in this State and District.

6. These causes of action arise out of the warranty obligations of HYUNDAI in connection with a new motor vehicle for which HYUNDAI issued a written warranty.

7. Plaintiffs do not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive. Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally

liable to Plaintiffs. Plaintiffs will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

8. All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

9. On June 27, 2020, Plaintiffs entered into a warranty contract with HYUNDAI regarding a new 2020 Hyundai Sonata, VIN: 5NPEH4J27LH018086, ("the Subject Vehicle"). The terms of the express warranty are described in full in **Exhibit 1**.

10. Plaintiffs hereby revoke acceptance of the Subject Vehicle.

## FIRST CAUSE OF ACTION

### Violation of the Federal Magnuson-Moss Warranty Act

11. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

12. Plaintiffs are a "consumer" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(3).

13. Defendant HYUNDAI is a "supplier" and "warrantor" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

14. The Subject Vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

15. In addition to the express warranty, issued in connection with the sale of the Subject Vehicle to Plaintiffs, an implied warranty of merchantability and implied warranty for a particular purpose were created under California law. The Subject Vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

16. Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects, malfunction,

nonconformities for but not limited to engine and transmission issues or conform the Subject Vehicle to warranty within a reasonable time, or to repurchase or replace it.

17. Plaintiffs performed all terms, conditions, covenants, promises and obligations required to be performed on Plaintiffs' part under the terms of the purchase agreement, and express warranty and implied warranty except for those terms and conditions, covenants, promises and obligations or payments for which performance and/or compliance has been excused by the acts and/or conduct of the Defendant and/or by operation of law.

18. As a direct and proximate result of the acts and omissions of the Defendant, Plaintiffs have been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court in at least $50,000, according to proof at trial.

19. Under the Act, Plaintiffs are entitled to rescission of the contract, reimbursement of the amount paid under the purchase agreement.

20. Plaintiffs are entitled to all incidental, consequential and general damages resulting from Defendant's failure to comply with their obligations under the Mag-Moss Act.

21. Plaintiffs are entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action pursuant to 15 U.S.C. § 2310(d)(2).

## SECOND CAUSE OF ACTION

**Violation of the Song-Beverly Act – Breach of Express Warranty**

22. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

23. Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods"

used primarily for family or household purposes, and Plaintiffs have used the vehicle primarily for those purposes.

24. Plaintiffs are a "buyer" of consumer goods under the Act.

25. Defendant HYUNDAI is a "manufacturer" and/or "distributor" under the Act.

26. Defects and nonconformities to warranty manifested themselves within the applicable express warranty period, including but not limited to engine and transmission issues.

27. The nonconformities substantially impair the use, value and/or safety of the Subject Vehicle.

28. Plaintiffs delivered the Subject Vehicle to an authorized HYUNDAI repair facility for repair of the nonconformities.

29. Defendant was unable to conform the Subject Vehicle to the applicable express warranty after a reasonable number of repair attempts.

30. Under the Song-Beverly Act, Defendant had an affirmative duty to promptly offer to repurchase or replace the Subject Vehicle at the time it failed to conform the Subject Vehicle to the terms of the express warranty after a reasonable number of repair attempts.

31. Defendant HYUNDAI has failed to either promptly replace the Subject Vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

32. By failure of Defendant to conform the Subject Vehicle to the express warranty, or to promptly issue restitution pursuant to the Song Beverly Act, Defendant is in violation of the Song Beverly Act.

33. Under the Act, Plaintiffs are entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiffs prior to the first presentation to an authorized repair facility for the nonconformity.

34. Plaintiffs are entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

35. Plaintiffs are entitled under the Song-Beverly Act to recover, as part of the judgment, a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

36. In addition to the amounts recovered, Plaintiffs are entitled a civil penalty of up to two times the amount of actual damages for HYUNDAI's willful failure to comply with its responsibilities under the Act.

### THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Implied Warranty

37. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

38. HYUNDAI and its authorized dealership at which Plaintiffs purchased the Subject Vehicle had reason to know the purpose of the Subject Vehicle at the time of sale of the Subject Vehicle. The sale of the Subject Vehicle was accompanied by an implied warranty of fitness.

39. The sale of the Subject Vehicle was accompanied by an implied warranty that the Subject Vehicle was merchantable pursuant to Civil Code section 1792.

40. The Subject Vehicle was delivered to Plaintiffs with latent defects, including, but not limited to, engine and transmission issues.

41. The Subject Vehicle was not fit for the ordinary purpose for which such goods are used.

42. The Subject Vehicle did not measure up to the promises or facts stated on the container or label.

43. The Subject Vehicle was not of the same quality as those generally acceptable in the trade.

44. Plaintiffs justifiably revoked acceptance of the Subject Vehicle under Civil Code, section 1794, *et seq*. prior to the filing of this Complaint while in contact with

HYUNDAI's customer service.

45. Plaintiffs hereby revoke acceptance of the Subject Vehicle.

46. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq*.

47. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

48. Plaintiffs are entitled to recover any "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

*49.* Plaintiffs are entitled to recover all incidental and consequential damages pursuant to 1794 *et seq*. and Commercial Code, sections 2711, 2712, and 2713 *et seq*.

## FOURTH CAUSE OF ACTION

### Violation of the Song-Beverly Act Section 1793.2

50. Plaintiffs incorporate herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

51. Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

52. Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods is necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

53. Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days. The terms of the express warranty are attached hereto as **Exhibit 1**.

///

54. The defects in the Subject Vehicle impaired the safety of the Subject Vehicle.

55. On at least one occasion, Plaintiffs delivered the Subject Vehicle to HYUNDAI's authorized repair facility, Downey Hyundai, at which point Downey Hyundai was not able to conform the Subject Vehicle to the terms of the express warranty within thirty (30) days.

56. Plaintiffs are entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, et seq.

57. Plaintiffs hereby revoke acceptance of the subject vehicle.

58. Plaintiffs are entitled to replacement or reimbursement pursuant to Civil Code, section 1794, et seq.

59. Plaintiffs are entitled to rescission of the contract pursuant to Civil Code section 1794, et seq. and Commercial Code, section 2711.

60. Plaintiffs are entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, et seq.

61. Plaintiffs are entitled to recover all incidental and consequential damages pursuant to 1794 et seq., and Commercial Code sections, 2711, 2712, and 2713 et seq.

62. Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that HYUNDAI has willfully failed to comply with its responsibilities under the Act.

///
///
///
///
///
///
///

SANDOVAL CERVANTES v. HYUNDAI COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:

1. For general, special and actual damages according to proof at trial;
2. For rescission of the purchase contract and restitution of all monies expended;
3. For diminution in value;
4. For incidental and consequential damages according to proof at trial;
5. For civil penalty in the amount of two times Plaintiffs' actual damages;
6. For prejudgment interest at the legal rate;
7. For revocation of acceptance of the Subject Vehicle;
8. For reasonable attorney's fees and costs of suit; and
9. For such other and further relief as the Court deems just and proper under the circumstances.

Dated: August 19, 2022                    **KNIGHT LAW GROUP, LLP**

*/s/ Daniel Kalinowski*
Roger Kirnos (SBN 283163)
Maite Colon (SBN 322284)
Daniel Kalinowski (SBN 305087)
Attorneys for Plaintiffs,
JOVITA SANDOVAL CERVANTES
aka JOVITA SANDOVAL and
ALICIA PEREZ